**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CLEO TIDWELL, # N-41754,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-00041-MJR |
| ) | |
| **DR. ASSELMEIER,** ) | |
| **DR. TROST,** ) | |
| **STEVEN NEWBOLD,** ) | |
| **GAIL WALLS,** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **MR. HENDERSON,** ) | |
| **and UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Cleo Tidwell is currently incarcerated at Menard Correctional Center ("Menard"). In 2013, he met with one of Menard's dentists to discuss dentures. (Doc. 1 at 5-6). The unknown dentist ("Dr. John Doe") explained that four or five teeth would need to be extracted before Plaintiff could be fitted for dentures. These teeth were healthy, at least in Plaintiff's estimation, and he refused to have them extracted. For the next two years, he was denied all dental care at Menard. Extraction was offered as his only option. (*Id*.).

In August 2015, Dr. Asselmeier told Plaintiff that all twelve of his remaining teeth would need to be extracted in preparation for dentures because "there [was] nothing to 'anchor' [the] partial dentures." (*Id*. at 6). Plaintiff's dental records cited "bone loss" as the reason for this recommendation. A dental hygienist, who is not named as a defendant in this action, agreed with Dr. Asselmeier and opined that Plaintiff's remaining teeth would not last seven years. (*Id*.).

Plaintiff asked two other medical providers if extraction was really necessary. Both providers disagreed with Dr. Asselmeier's assessment. They advised Plaintiff to ask Menard's medical director (Dr. Trost) for a referral to an off-site oral surgeon. Plaintiff directed multiple requests for a referral to the medical director (Dr. Trost), who failed to order any dental care. Another dentist (Dr. Newbold) agreed with Dr. Trost's decision. To date, Dr. Trost, Dr. Asselmeier, and Dr. Newbold have denied or ignored Plaintiff's requests for dental care. They insist that extraction is his only option.

Plaintiff wants to save his teeth. According to his complaint, the teeth are healthy. He states that "they are not discolored[,] cracked, diseased, or unsalvageable." (*Id*. at 6). With proper dental care, Plaintiff believes extraction would not be necessary.

He now brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Dr. John Doe (unknown dentist), Dr. Asselmeier (dentist), Dr. Newbold (dentist), Dr. Henderson (dentist), Dr. Trost (medical director), Nurse Wall (health care unit administrator), and Wexford Health Sources, Inc. ("Wexford"). Plaintiff claims that these defendants violated his constitutional rights when they insisted on extracting his teeth and denied all other forms of dental care.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

**Merits Review Under 28 U.S.C. § 1915A**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* complaint into a single count, as shown below:

> Count 1: Defendants exhibited deliberate indifference toward Plaintiff's dental health, in violation of the Eighth Amendment, when they refused to provide him with dental care or dentures after he declined to have his teeth extracted.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  As discussed below, the complaint states a claim under Count 1 against Dr. John Doe, Dr. Asselmeier, Dr. Newbold, and Dr. Trost.  However, Count 1 shall be dismissed against Dr. Henderson, Nurse Wall, and Wexford.

**Discussion**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment.  *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010).  The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).  To state an Eighth Amendment claim, a prisoner must show that the: (1) medical condition was objectively serious, and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).  The allegations in the complaint suggest that Dr. John Doe, Dr. Trost, Dr. Asselmeier, and Dr. Newbold exhibited deliberate indifference toward Plaintiff's

dental health. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring district courts to construe the allegations in a complaint liberally in favor of *pro se* plaintiffs).

**1.     Objectively Serious Medical Condition**

According to the Seventh Circuit, "dental care is one of the most important medical needs of inmates."  *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). Examples of "objectively serious" dental needs involve circumstances in which the failure to treat a dental condition causes an inmate to suffer an array of problems, such as tooth decay, gum disease, headaches, extreme pain, bleeding, and problems eating.  *Id.* at 593 (citations omitted).

The complaint suggests that the failure to provide Plaintiff with routine dental care caused him to suffer bone loss that necessitated extraction of his teeth.  When Plaintiff met with Dr. John Doe about dentures in 2013, he only needed four or five teeth extracted.  When he met with Dr. Asselmeier in 2015, he needed all twelve teeth extracted.  Dr. Asselmeier cited "bone loss" as the reason for this recommendation.  In addition, Plaintiff alleges that he requires "dentures to chew food," but they have not been provided.  (*Id*. at 5).  *Wynn*, 251 F.3d at 593 (allegations that an inmate denied his dentures could not chew his food, making eating difficult, and that he suffered bleeding, headaches, and disfigurement, stated a serious medical need). The dental condition described in the complaint satisfies the objective component of this claim, at least for screening purposes.

**2.     Deliberate Indifference**

With regard to the subjective component of the claim, the complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is deliberate indifference, which is established when prison officials "know of

and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Plaintiff is not required to establish that the officials "intended or desired the harm that transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it." *Greeno*, 414 F.3d at 653.

Neither "medical malpractice nor mere disagreement with a doctor's medical judgment" is sufficient to establish deliberate indifference. *Berry*, 604 F.3d at 441 (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). At the same time, a prisoner is also "not required to show that he was literally ignored." *Id.* at 441 (citing *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). The Seventh Circuit has held that a doctor's choice of "easier and less efficacious treatment" for a serious medical condition can amount to deliberate indifference under the Eighth Amendment. *Id.* (citing *Estelle*, 429 U.S. at 104, n.10; *Williams v. Vincent*, 508 F.2d 541 (2d Cir. 1974); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (stating that "medical personnel cannot simply resort to an easier course of treatment that they know is ineffective"); *Greeno*, 414 F.3d at 655 (noting that persistence in a course of treatment "known to be ineffective" violates the Eighth Amendment)). In addition, "[d]elaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer*, 511 U.S. at 842; *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The complaint suggests that Dr. John Doe, Dr. Asselmeier, Dr. Trost, and Dr. Newbold chose the easier and less effective course of treatment, when they denied Plaintiff

all dental care for two years until his teeth required extraction.  Count 1 cannot be dismissed against Defendants Doe, Trost, Asslemeier, and Newbold.

However, the claim shall be dismissed against Dr. Henderson, Nurse Walls, and Wexford.  These parties are listed among the defendants in the case caption but nowhere in the statement of claim.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  The reason that plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against that defendant.  Absent any allegations against Dr. Henderson, Nurse Walls, and Wexford, Count 1 cannot proceed against any of them and shall be dismissed without prejudice.

Based on the foregoing discussion, **Count 1** shall receive further review against Dr. Doe, Dr. Trost, Dr. Asselmeier, and Dr. Newbold.  However, this claim shall be dismissed without prejudice against Dr. Henderson, Nurse Walls, and Wexford.

**Identification of Unknown Defendant**

Plaintiff will be allowed to proceed with his Eighth Amendment claim against Dr. John Doe, who is an unknown dentist at Menard. While it is within the Court's discretion to allow Plaintiff to proceed against an unknown defendant, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997). This party cannot be served with process or respond to the complaint until he is identified. Therefore, Plaintiff will be required to identify Defendant Dr. John Doe with specificity, in order to pursue his claim(s) against him. Plaintiff may use the discovery process to identify this defendant. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

Dr. Trost, Dr. Asselmeier, and Dr. Newbold shall promptly respond to discovery requests, formal or otherwise, aimed at identifying this unknown party. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of Defendant Dr. John Doe is discovered, Plaintiff shall file a motion seeking substitution of this newly identified defendant in place of the generic designation for Dr. John Doe in the case caption and throughout the complaint.

**Pending Motions**

1. **Motion for Reconsideration (Doc. 6)**

Plaintiff filed a motion for reconsideration of the Court's order denying his request for a temporary restraining order ("TRO") on January 15, 2016. (Docs. 4, 6). The motion for reconsideration (Doc. 6) is **DENIED**.

In the complaint, Plaintiff requests an "emergency injunction" in the form of an Order for immediate off-site treatment with an oral surgeon. (Doc. 1 at 7). Despite the recommendations of his dentists, Plaintiff described no emergency dental health concerns that warrant this drastic

form of relief.  According to the complaint, his twelve teeth are healthy, and he wants to save them.  (*Id*. at 6).  They are "not discolored, cracked, diseased, or unsalvageable."  (*Id*.).  Plaintiff does not suggest that the defendants have attempted to coerce him into authorizing the extraction of his remaining teeth.  (*Id*.).  After reviewing these allegations, the Court concluded that the complaint lacked "specific facts . . . clearly show[ing] that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  *See* FED. R. CIV. P. 65(b)(1)(A).

Mindful of the fact that Plaintiff's circumstances could change during the course of this litigation, the Court invited him to file a separate motion for TRO or preliminary injunction at any time he believes that interim relief is necessary.  The Court explicitly stated, "**Should his situation change during the pending action, necessitating emergency intervention by the Court to address his dental concerns, Plaintiff should file a separate motion for TRO and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a)-(b).**"  (Doc. 4) (emphasis added).  Instead of doing so, Plaintiff now asks the Court to reconsider its original decision.

The original decision stands.  With a single exception, Plaintiff has offered no new facts or law that gives the Court pause.  "A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).  By all indications, Plaintiff's teeth remain healthy.  No one has set a date for tooth extraction, and Plaintiff has expressed no concern that the defendants will pull his teeth without his prior authorization.  Put simply, he relies on the same facts presented in his complaint to again request a TRO.  These facts did not support his

request for emergency relief the first time, and the Court sees no reason to reach a different conclusion now.

In the motion, Plaintiff does mention "disease" in passing.  (Doc. 6 at 2).  For the first time, Plaintiff suggests that he is suffering from a medical condition that might be progressive and require more urgent treatment.  However, he offers no information about the "disease." Without basic details, the Court cannot assess the seriousness or immediacy of his dental health concerns.

That is not to say that the Court is unconcerned.  The Court remains very concerned with the state of Plaintiff's dental health.  However, more information is required before the Court can determine whether an urgent dental need requires immediate intervention of the Court.  For now, the Court finds that the request for a TRO in the complaint was properly denied.  (Doc. 4). Plaintiff is again reminded that he may file a separate "Motion for Temporary Restraining Order and/or Preliminary Injunction Pursuant to Rule 65," if he deems it necessary to do so.

**2.      Motion to Waive Initial Fee**

Plaintiff filed a motion to waive his initial partial filing fee, which is hereby **DENIED** as **MOOT**.  (Doc. 7).  Plaintiff is concerned that the Court will not allow this matter to proceed until he remits payment of the $1.40 initial partial filing fee.  That is not so.  As evidenced by this Order, the Court has now screened the complaint and allowed Count 1 to proceed.  With that said, Plaintiff incurred the obligation to pay the filing fee for this action at the time the action was filed, thus the filing fee of $350.00 remains due and payable in installments as set forth in the Court's Order at Document 5.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**Disposition**

The Clerk is **DIRECTED** to **ADD** Defendant **DR. JOHN DOE** in place of Defendant **UNKNOWN PARTY** on the docket sheet in CM/ECF.

**IT IS HEREBY ORDERED** that Defendants **HENDERSON, WALLS,** and **WEXFORD HEALTH SOURCES, INC.** are **DISMISSED** without prejudice from this action because the complaint fails to state a claim against them upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for Defendants **DR. ASSELMEIER, DR. TROST,** and **DR. NEWBOLD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Service shall not be made on the Unknown Defendant (Dr. John Doe) until such time as Plaintiff has identified him by name in a properly filed motion for substitution.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including discovery aimed at identifying Defendant Dr. John Doe, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 16, 2016**

                s/ MICHAEL J. REAGAN
                Chief Judge
                United States District Court