IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEO TIDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00041-JPG-SCW |
| | ) |
| DR. ASSELMEIER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 50) of Magistrate Judge Stephen C. Williams recommending that this Court grant in part Plaintiff Cleo Tidwell's Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 9). The defendants filed objections to the R & R (Doc. 58) in a timely manner.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The defendants have filed objections, so this Court will review *de novo* those portions of the R & R to which objections have been filed. The Plaintiff filed this action alleging that the defendants were deliberately indifference towards Plaintiff's dental health in violation of the Eight Amendment. Specifically, the plaintiff claims that the defendants refused to provide him

with proper dental care or partial dentures after he refused to have his remaining teeth extracted. (Doc. 8). Plaintiff's injunctive request seeks a referral to an outside dentist for oral surgery in an attempt to retain his remaining teeth.

The defendants argue that the retention of the plaintiff's remaining teeth was never the issue. They claim that the plaintiff's complaint – and all the grievances he filed – was an attempt to obtain a new partial denture. He was informed that the condition of his remaining teeth would not support a partial denture due to periodontal disease and that he would have to have his remaining teeth removed and full dentures. Plaintiff refused to have his remaining teeth extracted.

The Magistrate Judge conducted a hearing on May 13, 2016. At the hearing, it was determined that plaintiff's periodontal disease may be delayed by proper home care and supplemental quarterly cleanings by a dental hygienist that would include root planing and scaling[1]. Also of assistance would be an anti-bacterial mouth wash that is commercially available.

The United States Court of Appeals for the Seventh Circuit has described injunctions like the one sought here, which would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio,* 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.*, *citing Jordan v. Wolke,* 593 F.2d 772, 774 (7th Cir. 1978). *See also W.A. Mack, Inc. v. Gen. Motors Corp.,* 260 F.2d 886, 890 (7th Cir. 1958).

---

[1] "Root planing and scaling cleans between the gums and the teeth down to the roots." Oral Care, WebMD, www.webmd.com/oral-heath/root-planing and scaling.com/current as of 11/14/2014.

Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will likely suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999).

If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public. "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Ferrell*, 186 F.3d at 811. "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008).

The Magistrate Judge found that the plaintiff had not had any routine cleanings of his teeth since he arrive in Menard in 2013. At the hearing, "Dr. Newbold testified that inmates at Mendard must request cleaning of their teeth." He further stated that, in his opinion, plaintiff should have been aware of periodontal disease and should have requested the above noted treatment. He also admitted that the dental department does not prioritize teeth cleaning based on inmates' oral health condition and that the plaintiff's periodontal disease was not treated because the plaintiff did not specifically request treatment of his periodontal disease. (Doc. 50,

pg 3).

Based on a review of the record, the Court finds that the plaintiff has some likelihood of success on the merits because as medical professionals, the defendants have an obligation to treat a known serious dental condition. Plaintiff requested – and filed grievances – for dental treatment and the plaintiff cannot be required to know and specifically request a certain course of treatment. The Court further agrees with the Magistrate Judge that there is no adequate remedy at law and that plaintiff will likely suffer irreparable harm if the injunction is not granted, because the loss of teeth cannot be replaced organically.

Plaintiff has established the three factors for injunctive relief so the Court must now balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public. In this case, the prison dental system already performs routine cleanings so the quarterly cleanings the plaintiff requires can be provided without the addition of any special equipment or personnel. It would simply require a standing appointment every three months with the hygienist that performs the cleanings. Dr. Newbold testified at the hearing that the plaintiff could perform a home care routine within his cell so the effort to implement that relief would simply be the time it took the defendants to instruct the plaintiff on the proper means of dental care within his cell. Finally, the anti-bacterial mouth wash could be dispensed on a medication line like any other medication. If, as stated by the defendants, such anti-bacterial mouth wash is a security concern that cannot be dispensed as a medication, then at a minimum, it would seem that a salt-water rinse or other appropriate substitute could be provided.

Based on the above, the Court finds that the harm to the Plaintiff would be greater than

the harm to defendant if plaintiff's dental needs are not address.  The Court also finds that granting the injunction, in part, will have a positive effect as the public as an interest in ensuring prison's dental needs are addressed at the earliest stage where corrective action could result in ensuring prisoners are able to retain their teeth.

Finally, as noted earlier, the Plaintiff's injunctive relief requested referral to an outside oral surgeon.  That type of injunctive relief would require transportation on a quarterly basis along with other logistical concerns of an inmate leaving the prison's confines at least on a quarterly basis.  Although that manner of relief may be available if the Plaintiff is successful in this case, the Court agrees with the Magistrate Judge that it is a greater relief than is necessary at this point in the litigation.

The Court would also like to address Mr. Tidwell's recently filed "Update" (Doc. 65) in which he states his "dissatisfaction with this courts 5-16-16 injunction order."  The report and recommendation of 5-16-16 was favorable to the plaintiff and the Court **CAUTIONS** the plaintiff to ensure that he fully understands the procedures of this Court before making any disrespectful filings.  The Plaintiff is **WARNED** that the Court will **NOT** tolerate unprofessional filings and any such filings will be stricken from the record.

Based on the foregoing, the Court **ADOPTS** the Report & Recommendation (Doc. 50) in its entirety and **GRANTS** in part Plaintiff's Motion for Preliminary and/or Temporary Restraining Order (Doc. 9).

**IT IS SO ORDERED.**

**DATED:**  6/16/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**

**DISTRICT JUDGE**