IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEO TIDWELL, )
 )
       **Plaintiff,** )
 )
vs. ) Case No. 16-cv-41-SMY-GCS
 )
DR. ASSELMEIER, *et al.*, )
 )
       **Defendants.** )

# ORDER

**YANDLE, District Judge:**

This matter is before the Court *sua sponte* for case management. On August 10, 2017, the undersigned sanctioned Plaintiff Cleo Tidwell, subjecting him to a filing ban in this District ("Filing Ban"). *See Tidwell v. Menard C.C.,* No. 16-cv-00384-SMY-RJD (Doc. 43). The Filing Ban states as follows:

> Cleother Tidwell is **SANCTIONED** with a $500 fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

(Doc. 43, p. 7).[1] On December 18, 2017, the then-presiding district judge issued an Order stating that the Filing Ban does not apply to the instant case because it predates the Filing Ban. (Doc. 117). However, the Filing Ban makes no exception for earlier filed litigation. Rather, the Filing

---

[1] Tidwell appealed the ban, *see Tidwell v. Clendenin,* App. No. 17-3020, but the Seventh Circuit denied his Motion for Leave to Appeal *in Forma Pauperis* after finding that the appeal was taken in bad faith. (Doc. 17, Appellate Case). The appeal was later dismissed for failure to pay the filing fee. (Doc. 20, Appellate Case).

1

Ban directs the Clerk of Court to return **all** civil pleadings unfiled until the sanction is paid. Accordingly, the Court hereby **VACATES** the Order entered on December 18, 2017 (Doc. 117).

Tidwell is **ADVISED** that the Filing Ban remains in place. *See Tidwell v. Menard C.C.,* No. 16-cv-00384-SMY-RJD (Doc. 109) (*sua sponte* declining to rescind or modify the Filing Ban because of Tidwell's continued abusive litigation practices). Apart from the exceptions noted above, the Clerk of Court will return all civil pleadings unfiled. The Court notes, however, that the Filing Ban does not prohibit Tidwell's attorneys from filing pleadings on his behalf. It only applies to pleadings submitted by Tidwell himself. Finally, even if the Filing Ban were not applicable, the Court would not accept pleadings from Tidwell in this action because he is represented by counsel.

**IT IS SO ORDERED.**

**DATED: 11/18/19**             s/ Staci M. Yandle
                                **United States District Judge**